UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORDAN MICHEL,

      Plaintiff,

v.
                                      Case No:   6:15-cv-876-Orl-TBS

CREATIONS BY CHEF AARON, LLC and
AARON C. BUTLER,

      Defendants.

_____

## ORDER

This case comes before the Court on Defendants' Emergency Motion to Quash Notice of Deposition and Plaintiff's response to the motion (Docs. 26-27).   Despite its title, the motion does not present an emergency.   An emergency exists when immediate Court action is required to protect the public health, safety, or welfare.   An emergency may also exist when a person is about to be taken, against their will, beyond the jurisdiction of the Court, or when someone is about to suffer irreparable harm.   When a party files an emergency motion the Court stops whatever it is doing to address the emergency.   When a party improperly alleges that a motion presents an emergency it disrupts the operation of the Court and the orderly administration of justice.   That is what happened in this case.   Should any future motions be improperly designated as emergencies sanctions may be imposed against the offending attorney.

On or about March 16, 2016, Plaintiff contacted defense counsel to coordinate the setting of the deposition of non-party witness Monica Jenkins (Doc. 26 at 1; Doc. 27 at 2). The attorneys did not speak but Defense counsel sent the following email response:

I am headed out shortly for a week in remote South Carolina and am not hopeful for internet, etc.

Your office contacted me about depos in next two weeks and next week I am out of pocket.   The following week I am in TN and possibly NY.   I also am concerned that more fees before mediation will make settlement at mediation more difficult. That being said, I would like to get depo on calendar and have April 20/21 open.   Let me know if those dates work for you. Also, lets try and talk week of 3/28.   Maybe we can get it done before mediation.

Thanks

(Doc. 26-2).   After sending this email, Defense counsel set his "autoresponder" to notify anyone who emailed him that he was out of the office and would not return until March 28, 2016 (Doc. 26 at 2).   Approximately 4 hours later, Plaintiff's counsel emailed a notice of taking Ms. Jenkins' deposition to Defense counsel (Id.).   The deposition is scheduled to occur in Daytona Beach, Florida on March 30, 2016 (Id.).   Defense counsel states that he was generally without internet service until he returned to work on March 28 which is when he first saw the deposition notice (Id.).   He says that he emailed Plaintiff's counsel on three occasions asking that the deposition be moved so that he would have fair notice and the ability to attend (Id.).   Hearing no response, he then sent a fourth email asking if Plaintiff opposed the motion to quash.   That email also was not answered (Id.).   April 6, 2016 is the deadline to complete all discovery in the case (Doc. 24).   Defense counsel says that he has offered Plaintiff alternative deposition dates after the deadline "which assumed the court would okay a discovery extension."   (Id., at 1-2).

Plaintiff's counsel asserts that he has repeatedly attempted to set depositions without success (Doc. 27 at 1).   His response to the motion to quash never mentions the email stating that Defense counsel would be gone until March 28, or counsel's representation that anyone emailing his office while he was away would receive an

automatic response that he was gone until March 28. But, Plaintiff's counsel does say that "Defendants did not object to Plaintiff until yesterday, March 28, 2016, and, despite repeated calls and email by the undersigned, Defendants' counsel has never called Plaintiff's counsel about this issue." (Doc. 27 at 1). Insistent upon taking the deposition, Plaintiff argues that Defense counsel does not need to be present or can attend by telephone (Id., at 2). Plaintiff also says the only deposition dates Defense counsel has offered are after the discovery deadline (Id.). Lastly, Plaintiff's counsel "certifies that he has attempted to confer in good faith, again, regarding the issues raised in the instant Motion with counsel for Defendants, has left voicemail messages for Defendants' counsel, but non [sic] calls have been answered or returned." (Id., at 3).

The first issue, not addressed by counsel for either party, is whether Defendants have standing to file a motion to quash the subpoena. In <u>Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.</u>, No. 6:05-cv-334-Orl-31JGG, 231 F.R.D. 426, 428 (Fla. M.D. Fla. Sept. 28, 2005), the court held that a party has standing to move to quash a subpoena directed to a nonparty based upon inadequate notice.

Proceeding on the basis that Defendants do have standing, the next issue is the timeliness of Plaintiff's deposition notice. Again, counsel for the parties have failed to discuss the applicable law. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). "Unless otherwise stipulated by all interested parties pursuant to Rule 29, FED. R. CIV. P., and excepting the circumstances governed by Rule 30(a), FED. R. CIV. P., a party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)." M.D. FLA. Rule 3.02. Applying the rules, the Court finds that

the notice of taking Monica Jenkins' deposition was not timely and accordingly, the motin

is **GRANTED**, the subpoena is **QUASHED, and any testimony elicited from Ms. Jenkins**

**on March 30, 2016 is not admissible in this case**.

This brings the Court to what it perceives is the real problem which is the failure of

counsel to communicate.   Local Rule 3.01(g) requires counsel to confer before most

motions are filed.   The Case Management and Scheduling Order governing the case

explains:

> The term "confer" in Rule 3.01(g) requires a substantive
> conversation in person or by telephone in a good faith effort to
> resolve the motion without court action and does not envision
> an exchange of ultimatums by fax or letter.   Counsel who
> merely "attempt" to confer have not "conferred."   Counsel
> must respond promptly to inquiries and communications from
> opposing counsel.

(Doc. 24 at 4-5).

If the attorneys had actually spoken to one another then the Court doubts this

motion would have been necessary.   Now, counsel have until the close of business on

April 1, 2016 to discuss in-person or by telephone, all outstanding discovery issues in the

case.   The Court expects both sides to deal in good faith and that they will at least

narrow, if not resolve all discovery issues.   Counsel shall certify to the Court in writing

when and how this conversation occurred.   Following their conversation, counsel may

file whatever discovery motions they deem necessary.   Because the Court is unhappy

with both attorneys conduct it will not award fees or costs on the instant motion but, fees

and costs will be awarded in connection with all future motions to compel, for a protective

order, or to quash.

**DONE** and **ORDERED** in Orlando, Florida on March 30, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record